IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 17 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

JOEL C. BUCKLEY                                                                                      PETITIONER

V.                                       No. 5:11-CV-05071-JLH

WASHINGTON COUNTY
DETENTION CENTER                                                                              RESPONDENT

### REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 5) filed March 29, 2011 under 28 U.S.C. Section 2254. The Court entered an Order (ECF No. 3) granting IFP status but indicating that determination of service would be made at a later time.

### I. Background

The Petitioner was charged in the Washington County Circuit Court with Driving While Intoxicated Fourth Offense, Possession of Controlled Substance (Marijuana) and Possession of a Controlled Substance. (Exhibit ECF No. 1, p. 6)(Exhibit B). On January 27, 2011 the Washington County Circuit Court found that the Petitioner did have a "mental defect and did not have the capacity to conform his conduct to the requirements of the law" (ECF No. 1, p. 7) and a Judgment of Acquittal Based on Mental Disease or Defect and the Defendant Lack of Capacity to Assist Effectively in His Own Defense (See ECF No.1, p. 6-8) was entered.

The Order further found that the offense did not involve bodily injury to another person or serious damage to the property of another person and the Defendant was committed to the

custody of the Department of Human Services pursuant to Arkansas Code Annotated section 5-2-314. (Id., p. 7).

On March 15, 2011 the Circuit Court for Washington County entered an Order (See Exhibit D) setting aside the Judgment of Acquittal Based on Mental Disease or Defect. The March 15, 2011 Order provided that the court determined that the Petitioner was unfit to proceed and suspended the criminal proceedings against him pursuant to Ark Code Ann. § 5-2-310.

According to the Washington County Sheriff's Department web page the Petitioner is still currently housed at the Washington County Detention Center. (See www.co.washington.ar.us). The Petitioner initially filed a complaint under 42 U.S.C. § 1983 (ECF No. 1) asking to "Release me from jail". (Id., p. 4). IFP status was granted but the issue of service was reserved. (ECF No. 3). The Petitioner subsequently filed a Motion for Order for Access to the law library (ECF No. 4) on March 22, 2011 and he filed the current Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 29, 2011. (ECF No. 5).

## II. Discussion

### A. Claim under 42 U.S.C. § 1983:

The Petitioner initially filed an action pursuant to 42 U.S.C. § 1983 on March 17, 2011. (ECF No. 1). The Petitioner did not allege any grievances and the entire form is blank except for his prayer for relief which is that he be released from jail. (Id., p. 4). The only party that he named was the Washington County Detention Center.

"Federal law opens two main avenues to relief on complaints related to imprisonment:" a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). The essence of

habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . .the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas is thus the exclusive remedy when an attack "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." Id. at 489.

A civil rights complaint under § 1983, on the other hand, "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499.

Here, Plaintiff's initial claim seeks a judgment which would direct his release from confinement. His claim under 1983 is barred by the Supreme Court's decision in *Preiser*, which held that a habeas proceeding is the exclusive remedy for challenging the duration of a prison term.

**B. Claim under 28 U.S.C. § 2254:**

The Petitioner, in essence, amended his 1983 claim to one under 28 U.S.C. § 2254 when he filed his Petition on March 29, 2011. (ECF No. 5). The Petitioner's only allegation in his 2254 motion is that "I have been acquitted". (Id., p. 5). The Petitioner did not attach any documents with his Petition under 2254 but he did attach a copy of the Judgment of Acquittal Based on Mental Disease or Defect and the Defendants Lack of Capacity to Assist Effectively in His Own Defense to his 1983 Complaint (ECF No. 1, p. 6-8).

A district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §

2254(a). In the present case the Petitioner is not in custody in violation of the Constitution or any laws of the United States.

The court has obtained the docket sheet and pertinent records from the Washington County Clerks office. After the Petitioner was charged with felony DWI and two misdemeanors (See Exhibit B). The defense filed a Notice of Intent raise the defense of Mental Disease or Defect on August 17, 2010 and mental evaluation was ordered August 25, 2010. (See Exhibit A). As a result of the mental evaluation performed by Ozark Guidance the examiner determined that the Petitioner did not meet the statutory criteria for mental disease but did meet the criteria for mental defect and that "at the time of examination, the Defendant lacked the capacity to assist effectively in his own defense." (See Exhibit E)

In this case the Petitioner was not simply "acquitted" as he alleges in his petition. The original court order was an Acquittal Based on Mental Disease or Defect and the Defendant's Lack of Capacity to Assist Effectively in His Own Defense. (See ECF No. 1, p. 6-8). The order required a mental health report pursuant to Ark. Code Anno.§ 5-2-314. That report has to be provided within 30 days. This was never done and the Petitioner filed a Grievance with the Washington County Detention Center on March 9, 2011 complaining that the evaluation by the Department of Human Services had not been timely performed. (See ECF No. 1, p. 9).

A finding of Acquittal based on mental health report under Ark. Code Anno.§ 5-2-313 requires that the "defendant currently has the capacity to understand the proceeding against him or her and to assist effectively in his or her own defense." Ark. Code Anno.§ 5-2-313(a)(1). Of course the mental report showed that the Petitioner did not have the capacity to assist in his defense. The court subsequently realized its error and vacated the Acquittal Order and entered

and Order for the Defendant to be evaluated pursuant to Ark. Code Anno. § 5-2-310.

Ark. Code Anno. § 5-2-310 provides that if "the court determines that a defendant lacks fitness to proceed, the proceeding against him or her shall be suspended and the court may commit the defendant to the custody of the Director of the Department of Health and Human Services for detention, care, and treatment until restoration of fitness to proceed." Ark. Code Anno. § 5-2-310(a)(1)(A). The Director of the Department of Health and Human Services has to provide that report within 10 months. (Id.).

It is not unconstitutional for a state court (or any other) to make a mistake, particularly if the relevant matter was never properly argued to it. *Higgins v. Smith,* 991 F.2d 440, 442 (C.A.8 (Mo.),1993). Issues concerning the interpretation and application of state law are not cognizable in federal habeas review. *See Poe v. Caspari*, 39 F.3d 204 (8th Cir.1994) (holding that it is not the province of a federal habeas court to reexamine state court determinations on state law questions; petitioner's claim was based only on Missouri law and actions of Missouri officials and thus may be addressed only by the Missouri courts). The Arkansas Rules provide that to correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment within 90 days. (See Ark. Rules of Civil Procedure, Rule 60(a)). The court discovered the error and timely set aside the erroneous Judgment and entered the proper order.

The court also notes that the Petitioner has the right to have the Washington County Circuit Court consider bond. The statute provided that if "the court is satisfied that the defendant may be release without danger to himself or herself or to the person or property of another, the court may order the defendant's release and the release shall continue at the discretion of the court on conditions the court determines necessary." Ark. Code Anno. § 5-2-310(a)(1)(B). See

also See Ark. Code. Anno. 5-2-314(d)(2).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. section 2254(b)

Generally, a defendant must exhaust all available state court remedies before seeking habeas relief. *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Id. (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir.1999)). The default of the federal claim applies even if the defendant's failure to exhaust results from the application of state law. See *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). (Federal courts will not entertain the habeas claim "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).) "The rule applies with equal force whether the state-law ground is substantive or procedural." Id.

The Petitioner in this case has not exhausted his state remedies and his claim for release is not cognizable.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

I further recommend that the complaint filed on March 17, 2010 under 42 U.S.C. § 1983 be dismissed with prejudice.

The court finds that the Motion for Order for Access to Law Library is MOOT.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 6th day of April 2011.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE